ERVIN J. KLAPHAKE AND VIRGINIA M. KLAPHAKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Klaphake v. Commissioner
Docket No. 20536-88
United States Tax Court
T.C. Memo 1990-375; 1990 Tax Ct. Memo LEXIS 389; 60 T.C.M. (CCH) 195; T.C.M. (RIA) 90375; July 23, 1990, Filed *389 Decision will be entered under Rule 155. John R. Koch, for the petitioners. Gail K. Gibson and Mary E. Pierce, for the respondent CLAPP, Judge. CLAPP
MEMORANDUM OPINION Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to tax
Year
Deficiency
sec. 6653(b)
sec. 6654
1978
$ 74,195
$ 37,098
--
1979
50,323
25,162
$ 913
1980
48,002
24,001
937
After concessions by petitioners, the issues are (1) whether petitioner Ervin J. Klaphake (Mr. Klaphake) is liable for additions to tax for fraud under section 6653(b) *390 for 1978 through 1980; and (2) whether the deficiency for 1978 is barred by the statute of limitations. All section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioners resided in Melrose, Minnesota when they filed their petition. Mr. Klaphake was raised on a farm. He had a difficult time with school, failed the second grade, and attended only through the eighth grade. Thereafter, Mr. Klaphake worked on the farm as a general laborer. He married Virginia M. Klaphake (Mrs. Klaphake) in 1949. Mr. Klaphake continued to be a farmer after his marriage. Mrs. Klaphake also had only an elementary school education. During their marriage, the Klaphakes had seven children. Mrs. Klaphake stayed at home, raised the children, and took care of the farm records. At income tax time, she made a summary of farm income and expenses and would take this information to a tax return preparer. From 1949 to 1978, petitioners filed joint Federal income tax returns. Petitioners heard about seminars on the tax benefits of *391 trusts through Norbert Stelten (Stelten), an agricultural teacher and former mayor of Albany, Minnesota. He was the local representative of Lowell Anderson (Anderson), the mastermind behind the trust scheme. Petitioners attended one of the seminars. Three or four people, including Anderson, explained how trusts could be used to minimize taxes. Mr. Klaphake did not understand how the trusts worked but asked Stelten several times if they were legal. Stelten assured Mr. Klaphake that they were. Petitioners paid $ 10,000 to have the trusts set up for them. After trusts were created in October 1978, Anderson gave Mrs. Klaphake instructions on how records were to be kept in order to report farm income to the trusts. He sent a form to Mrs. Klaphake, she filled it out with the farm income and expenses, and sent it back. Later, Anderson sent petitioners blank tax forms which they signed and returned with the understanding that Anderson's accountants would fill them out and file them. From the creation of the trusts, petitioners stopped reporting their income and filing Federal income tax returns. Mr. Klaphake signed papers pertaining to the trusts without really knowing what they *392 were. He never intended to avoid the payment of an income tax, but he believed that the trusts were a legal way to save taxes. Mr. Klaphake pled guilty to willfully failing to file income tax returns for the years 1979 and 1980. The Internal Revenue Service conducted a criminal investigation of petitioners. They did not cooperate with the investigation. OPINION The issues are (1) whether Mr. Klaphake is liable for additions to tax for fraud under section 6653(b) for 1978 through 1980 (respondent has not determined the fraud addition with respect to Mrs. Klaphake); and (2) whether the deficiency for 1978 is barred by the statute of limitations. Our first inquiry is whether Mr. Klaphake is liable for additions to tax for fraud under section 6653(b). Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To meet this burden, respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. ; see also . *393 The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without published opinion . Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. ; . An intent to conceal or mislead may be inferred from a pattern of underreporting income. ; . Other badges of fraud include the making of false and inconsistent statements to agents of the Internal Revenue Service, ; inadequate records, and the failure to file tax returns. , affg. a Memorandum Opinion of this Court. The mere failure to file a return, standing alone, is not sufficient to constitute civil tax fraud. . *394 Respondent determined that Mr. Klaphake is liable for additions to tax for fraud. We disagree. The Klaphakes were unsophisticated and not well educated. They were good turkey farmers but had little knowledge of business, accounting, or taxation. They were good citizens of their community but were simple folk and easily led down the garden path. In every year from 1949 to 1978, petitioners faithfully reported their income and filed joint Federal income tax returns. For 1978, 1979, and 1980, years after the trusts were created, petitioners did not report their income. However, petitioners believed the trust promoters' assurances that the trusts were a legal way to shift income. This belief may have been naive, but it was less than the intent necessary for fraud. ; ; ; Vodantis v. Commissioner, a Memorandum Opinion of this Court dated January 22, 1954. Petitioners did not make false or inconsistent statements to agents of the Internal Revenue Service. They did not cooperate with respondent's *395 investigation, but Mr. Klaphake testified, and we believe, that this noncooperation was due to fear. Mrs. Klaphake maintained adequate records and provided information to the trust promoters but was mistaken as to what was being done with the information from such records. Although Mr. Klaphake pled guilty to willful failure to file income tax returns for 1979 and 1980, respondent has not established other facts and circumstances which are necessary to support an addition to tax for civil tax fraud. Respondent has failed to establish by clear and convincing evidence that Mr. Klaphake intended to evade taxes known to be owing. The second issue is whether the unlimited statute of limitations under section 6501(c) for civil fraud is applicable for 1978. As no fraud is present in this case, section 6501(c) does not apply. Decision will be entered under Rule 155.